MATTER OF DEVNANI

In Visa Petition Proceedings

A-12870799

*Decided by Acting District Director June 6, 1966*

Notwithstanding beneficiary does not possess a baccalaureate degree in organic chemistry, his high education, a master's degree received from a university in the United States, coupled with his extensive specialized experience in the chemical industry qualifies him for professional status as an organic chemist; therefore, a petition to accord him preference classification under section 203(a)(3), Immigration and Nationality Act, as amended by P.L. 89-236, as an organic chemist, is approved.

The petitioner, Standard Products Company, Cleveland, Ohio, seeks to employ an organic chemist to originate and modify vinyl compound formulations and to advise as to quality control on production and raw material purchases. The company, established in 1936, is a large manufacturer of molded and extruded rubber and plastic automotive parts, that employs an average of 280 persons, and has annual gross sales in excess of twelve million dollars.

The petitioner requires an organic chemist to set up a vinyl dry blending process for economic advantages. The petitioner attempted for six months to locate a suitable chemist with experience in vinyl dry blending processing.

The beneficiary is an unmarried, 33-year-old native of Pakistan and citizen of India. He was admitted to the United States as a nonimmigrant student. Evidence has been presented that he received a bachelor of science degree from the University of Bombay, India, in April 1957, where his major field of study was in chemistry. The Office of Education, Department of Health, Education, and Welfare, has stated that in their opinion this degree is the equivalent of two years of college credit in the United States. The beneficiary also received a master of business administration degree from Xavier University, Cincinnati, Ohio, in January 1965. From March 1954 to July 1958, he was employed as a process plant operator by the Standard Vacuum Oil Company (ESSO), Bombay, India, con-

ducting laboratory tests on gasoline, kerosene, and naphtha; from September 1958 to June 1963, as assistant plastics chemist by the Continental Rubber Company, Hannover, Germany, in plasticized polyvinylchloride formulation, cellular polyvinylchloride production methods, glass-fiber-reinforced plastics, and silicone rubber processing studies; and from February 1965 to the present date, by the petitioner, as an organic chemist in the formulation of vinyl plastics. In February 1966, the beneficiary was elected a Member of the American Chemical Society.

Under section 203(a)(3) of the Immigration and Nationality Act, third preference quota status may be accorded to "qualified immigrants who are members of the professions."

Section 101(a)(32) of the Act, as amended, states the term "profession" shall include, but not be limited to, architects, engineers, lawyers, physicians, surgeons and teachers in elementary or secondary schools, colleges, academies or seminaries. Recognition of professional status normally is attained through completion of high education, sometimes followed by licensure or other similar official permission to practice a profession. A combination of high education and specific job experience can qualify a person for professional status in an occupation for which he does not possess a baccalaureate degree.

In accordance with Part 204.2(f), Title 8, Code of Federal Regulations, Form ES-575A, Statement of Qualifications of Alien, was referred to the Bureau of Employment Security of the Department of Labor for a determination as to whether the certification required by section 212(a)(14) of the Act should be issued. The labor certification was issued, and the Form ES-575A was returned to this office by the Bureau of Employment Security. Subsequently, the labor certification was resubmitted to the Bureau of Employment Security, with a request for an opinion as to whether the beneficiary should be considered a member of the professions based on his education and his experience in the chemical industry.

In its reply, the Bureau of Employment Security stated that pursuant to its study of the evidence of the beneficiary's qualifications, the Bureau was of the opinion that his education, coupled with his extensive specialized experience in the chemical industry, qualified him for the position of organic chemist. This office concurs in the Bureau's advisory opinion and has concluded that, as a qualified organic chemist, the beneficiary is entitled to classification as a "member of the professions" within the meaning of section 203(a)(3) of the Immigration and Nationality Act, as amended.

ORDER: It is ordered that the petition be approved.