MATTER OF CANTEC REPRESENTATIVES, INC.

In Visa Petition Proceedings

A-27090557

_Decided by Commissioner October 5, 1984_

(1) An incumbent in a Schedule A, Group IV position does not have to meet the exact minimum job qualifications specified by the employer in the application for a blanket labor certification submitted to obtain third-reference visa status because an employer may stipulate a minimum educational qualification for such a position which it regards as equivalent to an incumbent's experience or occupational training.

(2) However, the minimum job qualifications are relevant to consideration of the visa petition because they will establish whether or not the position falls within the definition of a "profession" for the purpose of section 203(a)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(3) (1982).

(3) Similarly, despite the fact that the incumbent need not meet the express minimum job qualifications, it must be established that the incumbent is classifiable as a professional for purposes of section 203(a)(3) of the Act.

ON BEHALF OF PETITIONER:  Lawrence J. Lee, Esquire
                                        1314 North Third Street, Suite 320
                                        Phoenix, Arizona 85004

The petition was denied by the acting district director, Phoenix, Arizona, and is now considered on appeal.

The petitioner, a firm engaged in representation and sales for electronics manufacturers, seeks the beneficiary's services as the manager of its operations in Arizona pursuant to section 203(a)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(3) (1982), which provides for the issuance of immigrant visas to

qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States, and whose services in the professions, sciences, or arts are sought by an employer in the United States.

Additionally, the petitioner asserts eligibility for blanket labor certification for the beneficiary pursuant to 20 C.F.R. § 656.10(d) (1984), Schedule A, Group IV, pursuant to which such labor certification is provided to

(1) Aliens who have been admitted to the United States in order to work in, and who are currently working in, managerial or executive positions with the same international corporations or organizations with which they were continuously employed as managers or executives outside the United States for one year before they were admitted.

(2) Aliens outside the United States who will be engaged in the United States in managerial or executive positions with the same international corporations or organizations with which they have been continuously employed as managers or executives outside the United States for the immediately prior year.

(3) For the purposes of this paragraph (d), the international corporation or organization must have been established and doing business in the United States for a period of at least one year prior to the submission of the application for the alien to qualify under Schedule A, Group IV. For the purposes of this paragraph (d), "doing business" shall mean a regular, systematic, and continuous course of conduct, including both the offer of and the provision of goods and/or services by the employer, and shall not be limited to the mere presence in the United States of an agent or office of the international corporation or organization.

The acting district director denied the petition upon concluding that the beneficiary did not meet the minimum educational requirements stipulated in the blanket labor certification application and upon concluding that the beneficiary is not of "distinguished merit and ability" and therefore ineligible for classification as a professional.

On appeal, the petitioner argues that the minimum educational requirements set forth in the Schedule A, Group IV labor certification application are not material to the beneficiary's eligibility based on his incumbency in the position. The petitioner further argues that the beneficiary is classifiable as a professional for the purposes of sections 101(a)(32), 8 U.S.C. § 1101(a)(32) (1982), and 203(a)(3) of the Act, as construed in applicable regulations and case law.

We concur in part and disagree in part with both the decision of the acting district director and the petitioner's appellate argument. Upon careful review of the record and due deliberation, we will affirm the decision of the acting district director.

First of all, the petitioner correctly argues that stipulated minimum qualifications are immaterial to the eligibility of an incumbent in a position amenable to Schedule A, Group IV labor certification. An employer may stipulate a minimum educational qualification for such a position which it regards as equivalent to an incumbent's experience, in-house or on the job training, or other factors without rendering the incumbent of the position ineligible for the labor certification sought. This is especially so in light of the facts that no positive job market test is applied to positions certified under Group IV and that the incumbent's occupation of the position is one of the eligibility factors for such certification. Howev-

er, those minimum qualifications are material, and are still required to be stipulated by Schedule A, Group IV applicants because of that materiality, to petitions for classification under section 203(a)(3) of the Act whereby, regardless of a petitioner's estimate of the worth of the incumbent of a particular position, the professional nature of the position and membership in the professions of the incumbent remain to be established by the petitioner and examined by the Government.

In this instance we concur in the acting district director's determination that the petitioner has not established eligibility for classification under section 203(a)(3) of the Act. First, the beneficiary's profession is stipulated by the petitioner to be that of electrical engineering and the beneficiary's services are sought as a managerial employee in a marketing firm, services which, regardless of their quasi-technical nature, do not constitute the professional practice of electrical engineering. Upon review of the record, we are unpersuaded that the beneficiary's post-secondary vocational education in electrical engineering technology and his experience in various technical positions renders him classifiable as a professional engineer, which normally requires completion of at least a baccalaureate level of university education in a recognized professional engineering specialization. The petitioner's reliance on *Matter of Devnani*, 11 I&N Dec. 800 (Acting D.D. 1966), notwithstanding, longevity in a non-professional position is not a professional attribute. *Devnani* deals with a situation where an individual with a B.S. degree in chemistry and experience as a petroleum chemist and a plastics chemist was determined to be a qualified organic chemist and stands for the proposition that there is a limited degree of relativity among positions or job titles in certain occupational areas. Thus, the quote by the petitioner from *Devnani* whereby "a combination of high education and specific job experience can qualify a person for professional status in an occupation for which he does not possess a bachelor's degree" refers to Devnani's lack of a degree in organic chemistry and not any lack of a bachelor's degree and does not stand for the proposition that experience may somehow be substituted for the standard educational qualifications prerequisite to practice of a particular profession. Further, the petitioner has not established that the position for which the beneficiary's services are sought constitutes services in the professions, sciences, or arts. Day-to-day management of a marketing or sales service is not professional practice. We will affirm the acting district director's decision, accordingly, while noting parenthetically that the acting district director's reference to the beneficiary's lack of distinguished merit and ability, while possibly supportable, is in-

apposite to proceedings pursuant to section 203(a)(3) of the Act and is properly made only in proceedings pursuant to section 101(a)(15)(H)(i) of the Act.

Beyond the acting district director's consideration of the matter, we note from the record that the petitioner has not demonstrated its viability or financial condition, thereby preventing us from determining that it can in fact pay the beneficiary the stipulated wage or that the job offer is a realistic one. Further, no demonstration has been made that the petitioner has, in fact, done business as defined in 20 C.F.R. § 656.10(d) (1984). Further, in that it appears from the record that the beneficiary owns a part interest in the petitioning firm, it remains for the petitioner to establish that the services to be provided by the beneficiary, for Group IV purposes, will in fact be managerial or executive rather than the labor applied by an entrepreneur to his or her enterprise and comprising only a small percentage of duties properly termed executive or managerial. These additional considerations must be addressed by the petitioner in any future proceedings involving this beneficiary.

**ORDER:** The appeal is dismissed.